IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANGEL RIVERA, # 285465, ) | |
| ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv217-MEF |
| ) | (WO) |
| CHRISTOPHER GORDY, *et al.*, ) | |
| ) | |
|    Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Angel Rivera ("Rivera"), a state inmate confined at Ventress Correctional Facility in Clayton, Alabama, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the court finds that the petition should be dismissed.[1]

**I.  BACKGROUND**

Rivera is currently serving an Alabama prison sentence. In January 2012, before his incarceration within the Alabama Department of Corrections ("ADOC"), Rivera was convicted in a Florida court on the charge of felony food-stamp fraud. *See* Doc. No. 1-1 at 1. For that offense, the Circuit Court of Jackson County, Florida, sentenced him to 36 months of probation. *Id*.

In March 2012, the state of Florida issued an affidavit of violation of probation

---

[1] The court has conducted a preliminary review of the petition and concludes that it is subject to dismissal without directing an answer by the named respondents. *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*; 28 U.S.C. § 2243.

("VOP"), alleging that Rivera had violated the conditions of his probation by changing residence or absconding. *Id*. Florida authorities issued an amended VOP affidavit in May 2012, alleging a new arrest. *Id*. Presumably, the amended Florida VOP affidavit was based on Rivera's commission of a criminal offense in Alabama, because Rivera was convicted in an Alabama state court and sentenced to the custody of the ADOC before his Florida probation-violation charge could be disposed of.

Although Rivera does not provide the exact date, the state of Florida lodged a detainer[2] against him with the ADOC based on his alleged probation violation. In January 2014, Rivera filed a motion with Florida authorities seeking speedy disposition of the pending probation-violation charge. *See* Doc. No. 1-1. That motion was denied. *Id*.

In his petition for habeas corpus relief filed with this court, Rivera contends that the respondents violated his rights under the Interstate Agreement on Detainers ("IAD") by failing to execute his detainer and resolve the pending probation-violation charge following his request that the charge be resolved. Doc. No. 1 at 16-19. Rivera maintains that the detainer and pending probation-violation charge are affecting his eligibility for work release and early release, along with his custody classification and his ability to participate in rehabilitation programs. *Id*. at 16.

---

[2] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner us imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

For relief, Rivera requests that this court either enter an order directing Florida authorities to conduct a speedy disposition of his pending probation-violation charge, order that the probation-violation charge be dismissed, or order that his Alabama prison sentence be credited against the remaining portion of his Florida probationary term. *Id*. at 18.[3]

## II.  DISCUSSION

As indicated, Rivera maintains that the respondents have violated his rights under the IAD by failing to execute his detainer and resolve the pending probation violation charge in a timely fashion after he requested a disposition. The IAD establishes procedures for member states to effect the expeditious and orderly disposition of out-of-state criminal charges pending against persons incarcerated in state institutions. In relevant part, it provides for the delivery of temporary custody of a prisoner to the receiving state for trial prior to the completion of a prisoner's sentence in the sending state. And it seeks to minimize the consequent interruption of the prisoner's ongoing prison term and prevent prosecutorial abuses of the detainer that potentially allow a prisoner to languish in a separate jurisdiction under the constant but uncertain threat of further prosecution. IAD Art. I.

The IAD provides at Article III(a) that:

Whenever a person has entered upon a term of imprisonment in a penal or

---

[3] It is unclear whether Rivera has exhausted his state-law remedies. However, because his petition plainly has no merit, this court need not inquire further into that issue and instead may simply review the petition. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

3

> correctional institution of a party State, and *whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner*, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint[.]

(Emphasis added). If the prisoner requests final disposition of those charges, then the receiving state must bring him to trial within 180 days of his request for disposition of the charges or dismissal of those charges will result. IAD Art. III(a)-(d).

The IAD does not apply to Rivera's circumstances, and therefore he is not entitled to habeas relief. As the italicized portion of Article III referenced above reflects, the IAD applies only to cases where "there is pending in any other party state any untried indictment, information or complaint." In *Carchman v. Nash*, 473 U.S. 716, 726 (1985), the United States Supreme Court "conclude[d] from the language of the [IAD] that *a detainer based on a probation-violation charge is not a detainer based on 'any untried indictment, information or complaint,' within the meaning of Art. III*." (Emphasis added.) In reaching this result, the Supreme Court explained:

> Article III by its terms applies to detainers based on "any untried indictment, information or complaint." The most natural interpretation of the words "indictment," "information," and "complaint" is that they refer to documents charging an individual with having committed a criminal offense. *See* Fed.Rules Crim.Proc. 3 (complaint) and 7 (indictment and information). This interpretation is reinforced by the adjective "untried," which would seem to refer to matters that can be brought to full trial, and by Art. III's requirement that a prisoner who requests final disposition of the indictment, information,

4

or complaint "shall be brought to trial within 180 days."

*Carchman*, 473 U.S. at 724–25. The Supreme Court thus held that "[t]he language of the Agreement therefore makes clear that the phrase 'untried indictment, information or complaint' in Art. III refers to criminal charges pending against a prisoner." *Id*. Accordingly, the Supreme Court determined:

> *[a] probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III*. Although the probation-violation charge might be based on the commission of a criminal offense, it does not result in the probationer's being "prosecuted" or "brought to trial" for that offense. Indeed, in the context of the Agreement [the IAD], the probation-violation charge generally will be based on the criminal offense for which the probationer already was tried and convicted and is serving his sentence in the sending State.
>
> Nor, of course, will the probationer be "prosecuted" or "brought to trial" on the criminal offense for which he initially was sentenced to probation, since he already will have been tried and convicted for that offense. Instead, the probation-violation charge results in a probation-revocation hearing, a proceeding to determine whether the conditions of probation should be modified or the probationer should be resentenced, at which the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). *Cf. Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation hearing).

*Id*. at 725-26 (emphasis added).

Because the detainer lodged against Rivera is based on an alleged violation of his probation, he is not entitled to a disposition under the IAD, *Carchman*, 473 U.S. at 724–25,

5

and therefore his habeas petition should be summarily dismissed.[4]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 be DISMISSED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

---

[4] To the extent that Rivera claims that the existence of the detainer and pending probation-violation charge are affecting the conditions of his confinement, even if the court were to liberally construe the petition as a civil rights complaint filed pursuant to 42 U.S.C. § 1983, these claims would not provide a basis for relief. *See Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (using the repeatedly recognized practice of looking beyond the title of a document in order to properly analyze its substance to find that an action ostensibly brought pursuant to § 1983 was properly construed as a petition for writ of habeas corpus). Rivera maintains that the detainer and pending probation violation charge are affecting his eligibility for work release and early release, along with his custody classification and his ability to participate in rehabilitation programs. However, a prisoner does not possess a constitutionally protected liberty interest in being placed on work release. *Kitchen v. Upshaw*, 286 F.3d 179, 188 (4th Cir. 2002). Furthermore, Rivera has no due process liberty interest in early release. *See, e.g., Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). To the extent Rivera claims that the detainer is affecting his custody classification, there is similarly no constitutionally protected liberty interest in being classified at a certain custody level. *Kramer v. Donald*, 286 Fed. App'x 674, 676 (11th Cir. July 17, 2008); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting that prison officials have discretion in overseeing the conditions of confinement, including prisoner classification). Nor does Rivera have a constitutionally protected interest in rehabilitative programs. *See Moody*, 429 U.S. at 88 n.9. Accordingly, even if the court were to consider the petition based on the detainer's effect on the conditions of Rivera's confinement, Rivera would still fail to state a claim for relief.

Rivera also seems to suggest that the probation-violation detainer has prejudiced him by depriving him of a chance to serve his probation sentence concurrently with his Alabama prison sentence. However, there is no constitutional right to serve sentences concurrently. *See U.S. v. Uribe–Rios*, 558 F.3d 347, 358 (4th Cir. 2009) (finding prisoner's lost chance of serving sentences concurrently did not establish prejudice for purposes of challenging pre-indictment delay); *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001) (no constitutionally cognizable right to concurrent, rather than consecutive, sentences); *United States v. Fuzer*, 18 F.3d 517, 520 (7th Cir. 1994) (focusing on the speculative nature of a potential award of concurrent sentences).

before April 22, 2014. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 8th day of April, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE